HENRY LOHSE V. THE STATE.

No. 22629. Delivered December 1, 1943.
Rehearing Denied January 26, 1944.
Request for Leave to File Second Motion for Rehearing Denied.
(Without Written Opinion) February 2, 1944.

The opinion states the case.

*Wm. E. Davenport*, of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of robbery by assault, and was by the jury awarded a penalty of five years in the penitentiary.

It appears from the facts that Mr. Schooley, the complaining witness, was present in the town of San Angelo on the occasion in question, and had been indulging rather freely in strong drink. That during the night, at a cafe and dance place, he came in contact with appellant and his wife, as well as with Mr. Ware and his wife. Appellant was lonely, and was finally invited to dance with each of the two ladies, which he did. The party remained together quite a length of time, meanwhile indulging in some further drinking. During this time Mr. Schooley exhibited his watch, rather an expensive one, and some conversation arose relative to the watch chain. Eventually the appellant and his friends, as well as their wives, desired to go home, the hour being late, and Schooley agreed to take them in his car. On the way home, and while the two women were at another cafe eating a lunch, it seems that the battery fell out of the Schooley car, and it was stopped, appellant being the driver, and it was there that it is claimed by Schooley that he was robbed of his wallet and his watch and chain. He claimed that his assailants even went so far, after beating him up, as to make him take off his boots, and they searched the boots and told him they ought to kill him on account of him having such a small amount of money on him.

There are but two bills of exceptions in the record. Bill No. 1 complains because of the following cross-examination of appellant's wife, after she had testified that she saw the wife of appellant's co-defendant, Ware, pick up Schooley's watch off the table while the parties were all in the restaurant. The witness was asked by the State:

"Q. You did see her steal the old man's watch? A. I saw her pick it up.

"Q. And that was after he had already left the building, and she was the last one coming out? A. Yes, she picked it up off the table.

"Q. You didn't say anything to the old man about it? A. Who, me?

"Q. Yes. A. I didn't figure it was any of my business; that was their business.

"Q. Then there is some morality among thieves, is your idea, is it?"

The last statement is the one objected to, and is the basis of this bill. Upon the objection of appellant's attorney the court promptly instructed the jury to disregard such question by the district attorney, and we think, if error there was, such an instruction cured the same. True it is that this court does not look with leniency upon abuse of either witness or accused as has been held in many cases, but this academic question, asked but not answered, does not convince us that, taken in its harshest sense, it could have affected or did affect this verdict in any way.

Bill of exceptions No. 2 arose under the following circumstances: It was shown without objection that soon after the occurrence of the alleged robbery, and after the arrest of appellant, the wife of appellant's co-defendant, Ware, gave a peace officer the watch of the complaining witness. This was proven without objection upon appellant's part. Thereafter appellant endeavored to prove by Mrs. J. S. Ware, the mother of appellant's co-defendant, in substance, that such co-defendant's wife was not on good terms with her husband, and wanted to get rid of him, and no longer loved him, such testimony being offered on the ground that it would tend to show that the wife of such co-defendant "had a grudge against him and that she turned in the watch for the purpose of getting rid of him." It is also worthy of note that it was shown by the witness Beatrice Baker that she lived in an adjoining apartment to that of such co-defendant and his wife, and after the arrest herein of such co-defendant the witness went into the apartment of the co-defendant and there saw the watch introduced in evidence, which was among the effects of this co-defendant and his wife.

Thus we see that if the possession of such watch upon the part of the wife of Ware, the co-defendant, was a damaging circumstance against appellant, such testimony came in unobjected to from another source. Under such a condition of the record, we can see no error in refusing to allow introduction of testimony showing animus by the wife against appellant's co-defendant, who was not on trial herein.

We think the facts herein are sufficiently strong, if the jury believed Mr. Schooley, to show the assault and robbery from the person by appellant and his companion. We see no error reflected in such bills.

The judgment is therefore affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this case is based upon the time-worn contention that the original opinion misstates the facts.

It is our duty and great desire to understand and correctly state the facts. Consequently, we have re-examined this case to determine the correctness of the charge made. It is our conclusion that the evidence was summarized with great accuracy. One statement particularly challenged in the original opinion is the following: " 'On the way home, and while the two women were at another cafe eating a lunch, it seems that the battery fell out of the Schooley car, and it was stopped'." The motion says from "such a construction of the record that it is apparent that this court is not familiar with the testimony." The evidence on the subject is a little confusing, but it is the writer's definite conclusion that the statement was correct, with the possible error that they were not on the way home. It may be that they had passed home and turned off on another street where the robbery was committed. Even so, there is nothing material in the expression "on the way home." Appellant's own witnesses verify the rest of the quoted statement. No good purpose will be served in a further discussion of the complaint made.

The opinion properly disposes of the questions raised in Bills of Exception Nos. 1 and 2. The most serious contention made in the oral argument for rehearing, as well as in the motion, is that the evidence does not show the watch was taken off the person of Schooley at the time he was robbed on the road. When Mr. Schooley, the prosecuting witness, had concluded his direct testimony, there might have been doubt as to whether or not the State denied that the watch had been left on the table at the Rainbow Inn; but appellant's cross examination of the witness elicited some very positive testimony on the subject which apparently justified the jury's finding. From it we quote:

"I did not lose my watch out at the Rainbow Inn. I put my watch in my pocket and these men *taken* it away from me."

"They *taken* my watch away from me out there on the road."

"I know they *taken* my watch away from me out in the country there that night."

Certainly it cannot be contended that the evidence failed to support the jury's verdict in finding him guilty of robbery from the person.

The motion for rehearing is overruled.